IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELISSA GRISSETT,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA POWER, ATLANTA NATURAL GAS, CASTLE CREDIT, HENRY COUNTY WATER, VIVINT HOME SECURITY, AT&T, TMOBILE, CRICKET, SAFE WIRELESS, VENMO, PRICELINE, AIRBNB, BOOKING, EBAY, AMAZON, FASHION NOVA, SHEIN, FOREVER21, and more,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:25-CV-3573-MHC |

## ORDER

On June 26, 2025, Plaintiff Felissa Grissett filed a Complaint seeking to recover $500,000,000.00 for Defendants' alleged "harassment, conspiracy to commit murder, hacking, and more." Compl. [Doc. 3]; Civil Cover Sheet [Doc. 3-1]. On July 1, 2025, United States Magistrate Judge Justin S. Anand entered an Order [Doc. 2] permitting Grissett to proceed in forma pauperis in this action. The

case was then referred to the undersigned for a 28 U.S.C. § 1915(e) frivolity determination.

I. **LEGAL STANDARD**

A federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A plaintiff, however, may not simply plead facts in a complaint sufficient to find that a claim to relief is merely conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Supreme Court has also instructed:

2

> [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

The Court notes that, because Grissett is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this "does not give a court license to serve as [her] de facto counsel . . . , or to rewrite an otherwise deficient pleading in order to sustain an action." Powers v. Avondale Baptist Church, 393 F. App'x 656, 657 (11th Cir. 2010) (internal quotation marks omitted). Moreover, nothing in the leniency accorded a pro se filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. See, e.g., Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002).

## II. DISCUSSION

The entirety of Grissett's Complaint reads as follows: "COME NOW the Appellant filing a civil suit against the appellees for harassment, conspiracy to commit murder, hacking, and more." Compl. Grissett's Complaint is devoid of

3

any factual allegations, let alone any allegation that the Defendants named in the Complaint took any action or inaction that resulted in harm to Grissett. The absence of factual allegations precludes the Court from drawing a reasonable inference that any Defendant is liable for any alleged misconduct, or that Grissett has asserted any plausible legal claim. See Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556)). Indeed, Grissett does not state a claim under § 1915(e)(2)(B)(ii) because "the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 678).

Construing the Complaint as liberally as possible, the Court cannot discern any meaningful factual allegations that could be tethered to a federal cause of action. See Barnett v. Lightner, No. 13-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)) (noting that a court "does not have 'license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action.'"). The Complaint simply contains the conclusory allegation that Defendants are involved in a conspiracy to commit murder.[1] Compl. at 1. These threadbare and

---

[1] Grissett appears to have filed several lawsuits based on this same conspiracy, in which several companies are involved. See, e.g., Grissett v. USSA et al., No. 1:25-

4

conclusory allegations do not warrant federal review. See Blakely v. Fla., No. 20-60994-CV-ALTMAN, 2020 WL 5578955, at *2 (S.D. Fla. Aug. 24, 2020), R&R adopted, No. 20-60994-CIV, 2020 WL 5571806 (S.D. Fla. Sept. 17, 2020) (dismissing complaint with "unsupported assertions" that failed to "identify any federal legal cause of action."). Because the Complaint lacks any factual allegation connected to a viable legal claim, it fails to state a claim to relief that is plausible on its face. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555, 557).[2]

## III. CONCLUSION

Because Grissett has failed to allege any facts to plausibly state a claim for relief, this case is frivolous and subject to dismissal. However, precedent in this circuit holds that "when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the

---

cv-3567-MHC (N.D. Ga. June 26, 2025); Grissett v. Ford et al., No. 1:25-cv-3572-MHC (N.D. Ga. June 26, 2025).

[2] The Complaint is frivolous for the additional reason that Grissett fails to allege any facts to support this Court's subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and only have subject matter jurisdiction over (1) civil actions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332. Nothing in the Complaint or Grissett's Civil Cover Sheet [Doc. 3-1] indicates whether or how this Court has either diversity or federal question jurisdiction over this case.

5

district court dismisses the action with prejudice." Gary v. U. S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that the court was not required to sua sponte grant leave to amend to counseled plaintiffs who never requested such leave, but noting that the holding did not disturb a pro se litigant's right to amend)).

Accordingly, it is hereby **ORDERED** that Grissett file an Amended Complaint within fourteen (14) days from the date of this Order. The Amended Complaint must do the following:

(1) Address the shortcomings noted herein;

(2) Comply with the pleading requirements of Federal Rule of Civil Procedure 8;

(3) Include factual allegations that would support this Court's exercise of subject matter jurisdiction over this case;

(4) Include a factual background setting forth specific, non-conclusory factual allegations that directly pertain to Plaintiff's case against Defendant and suggest support for the required elements of her claim;

(5) Identify each cause of action in separate counts of the complaint and provide within each count a short explanation of the legal theory for the claim;

(6) Identify by reference which specific factual allegations and acts by Defendant that support each cause of action within each count of the Complaint; and

(7) Exclude all generalized discussions and immaterial allegations.

If Grissett fails to file an amended complaint within the allowed time period that complies with this Order, this case will be dismissed with prejudice.

**IT IS SO ORDERED** this 1st day of July, 2025.

_____
MARK H. COHEN
United States District Judge